# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| JAMOCA TAIYE PRICE,<br><br>      Plaintiff,<br><br>vs.<br><br>ZACHARY LEWIS, JEFFREY HARSTAD,<br><br>      Defendants. | No. C14-4081-MWB<br><br>**ORDER** |

The matter before the court is the order that is dated September 26, 2014. Pursuant to such order, the court granted in forma pauperis status pursuant to 28 U.S.C. § 1915(a)(1) and directed the clerk's office to file the plaintiff's complaint. At that time, the court did not conduct an initial review of the complaint or direct the clerk's office to effectuate service of the complaint. The court now finds that additional steps must be undertaken by the plaintiff with respect to the filing fee and that it is appropriate to conduct the necessary review under 28 U.S.C. § 1915(e).

## *I. FILING FEE*

The plaintiff is required to pay the full $350.00 filing fee by making payments on an installment basis. 28 U.S.C. § 1915(b)(1); *see also In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) ("[T]he [Prisoner Litigation Reform Act] makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). The full filing fee will be collected even if the court dismisses the case because it is frivolous or malicious, fails to state a claim on which relief may be granted or seeks money damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Here, the plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of his average monthly account balance or average monthly deposits for the

six months preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Based on his average monthly account balance, the court finds that the initial partial filing fee is $2.00. *Id*. The plaintiff shall submit $2.00 by no later than December 3, 2014. *Id*. If necessary, the plaintiff may request in a written motion an extension of time to pay the initial partial filing fee.

In addition to the initial partial filing fee, the plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court. Specifically,

> [a]fter payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after the plaintiff pays in full the initial partial filing fee, the remaining installments shall be collected by the institution having custody of the plaintiff. *Id*. The clerk's office shall send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

## II. STANDARD OF REVIEW

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994). In addition, unless the facts alleged are clearly baseless, they must be weighed in favor of the plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A court, however, can dismiss at any time a complaint filed in forma pauperis if the complaint is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from

such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b)(1). A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accordingly, a court may review the complaint and dismiss sua sponte those claims that fail "'to raise a right to relief above the speculative level. . . .'", *see Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Bell Atl.*, 550 U.S. at 555), or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490 U.S. at 325. *See, e.g.*, *Denton v. Hernandez*, 504 U.S. at 27 (considering frivolousness); *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (concluding that a district court may dismiss an action if an affirmative defense exists).

### III. CLAIM ASSERTED

Currently confined at the Woodbury County Jail in Sioux City, Iowa, the plaintiff, proceeding pro se, submitted a complaint (docket no. 3) to redress issues that are related to state court criminal proceedings. Jurisdiction is predicated on 28 U.S.C. § 1343. Under 28 U.S.C. § 1391(b), venue appears to be proper as the events giving rise to the instant action occurred in this district and the defendants are located in this district.

The statement of claim portion of the complaint is as follows:

> On 8/21/14, I was detained by Detective Z. Lewis and Detective J. Harstad at EZ Pawn on Hamilton Dr. Upon arrival at the Sioux City Police Dep't, Detective Z. Lewis told me to say that I was committing the thefts, that I am currently charged with, for the individuals who recently attacked Steven Blackbird, who is my fiance's son, with a machete to his arm at 2104 W. 14th St. I had a verbal agreement by them in the back stairwell of the Police Dep't that, if I implicated them also, that the county attorney would drop most of my charges and that it would look good on my behalf if I confess to everything. I stated that I had been drinking and that I was intoxicated. They told me that it didn't matter. During the

3

> interview, Detective Z. Lewis brought me a roast beef sandwich from Arby's and Detective J. Harstad brought me outside to smoke a cigarette. Both detectives didn't uphold their agreement. They charged me with burglary and commission of a specified unlawful activity and also dismissed charges against the individuals charged in the attack against Steven Blackbird.

In addition to submitting a complaint, the plaintiff filed a supplement (docket no. 8) on October 10, 2014. Such supplement includes additional allegations surrounding his arrest and interrogation, and it includes exhibits, including portions of a police report and a letter from Steven Blackbird. As relief, the plaintiff states that he wants the charges against him dropped and the detectives to be suspended and/or demoted.

## IV. ANALYSIS

### A. Claims Under 42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the

Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. *Plaintiff's Claim*

Given the facts that are alleged in the complaint, the court concludes that the plaintiff's assertions do not give rise to a viable claim under 42 U.S.C. § 1983. In *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), the Supreme Court delineated what constitutes a habeas corpus action as opposed to a 42 U.S.C. § 1983 claim. The plaintiff's label of his action cannot be controlling. *See Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (citing *Preiser*, 411 U.S. at 489-90). If a plaintiff is challenging the validity of his conviction or the duration of his incarceration and seeking a determination that he is entitled to immediate or speedier release, a writ of habeas corpus is the only federal remedy available. *See Preiser*, 411 U.S. at 500; *Otey v. Hopkins*, 5 F.3d 1125, 1131 (8th Cir. 1993). It is the substance of the relief sought which counts. *See Kruger,* 77 F.3d at 1073.

In this action, the plain language of the complaint and other documents demonstrate that the plaintiff is challenging the validity of his confinement or the validity of the criminal proceedings that were commenced against him. The plaintiff, among other things, complains about issues that are related to *State v. Price*, Case No. FECR089238 (Woodbury Cnty. Dist. Ct. 201_), and *State v. Price*, Case No. SRCR084648 (Woodbury

5

Cnty. Dist. Ct. 2005).[1] Because an application for a writ of habeas corpus under 28 U.S.C. § 2254 "is the only means by which 'a person in custody pursuant to the judgment of a State court' may raise challenges to the validity of his conviction or sentence or to the execution of his sentence," the plaintiff improperly relied on 42 U.S.C. § 1983 to commence the instant action. *Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003) (quoting 28 U.S.C. § 2254(a) and citing *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001)); *cf. Kruger*, 77 F.3d at 1073 ("If the [state] prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy."). Accordingly, the instant action shall be dismissed.[2]

In light of the foregoing, the plaintiff's complaint shall be dismissed for failing to state a claim upon which relief can be granted. Because the court deems it appropriate to dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the dismissal of this action shall count against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED**:

(1) The plaintiff is directed to submit $2.00 by no later than December 3, 2014. If necessary, the plaintiff may request in a written motion an extension of time to pay the initial partial filing fee.

---

[1] Iowa state court criminal and civil records may be accessed online at: http://www.iowacourts.gov/For_the_Public/Court_Services/Docket_Records_Search/index.asp. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

[2] Even if construed as an application for habeas corpus relief under 28 U.S.C. § 2254, the action fails because the plaintiff does not adequately allege that he met the exhaustion requirements of 28 U.S.C. § 2254(b)(1) and the plaintiff is unable to make such allegation because his state criminal cases are still pending.

(2) After the plaintiff pays the initial partial filing fee, the institution having custody of the plaintiff is directed to collect and remit monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the $350.00 filing fee is paid in full, the plaintiff is obligated to pay and the institution having custody of him is obligated to forward 20 percent of the preceding month's income credited to his account each time the amount in the account exceeds $10.00.

(3) The clerk's office is directed to send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

(4) The plaintiff's 42 U.S.C. § 1983 action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

(5) The dismissal of the instant action counts against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

**DATED** this 5th day of November, 2014.

*Mark W. Bennett*
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

TO: WARDEN/ADMINISTRATOR
Woodbury County Jail, Sioux City, Iowa

**NOTICE OF COLLECTION OF FILING FEE**

You are hereby given notice that Jamoca Taiye Price, #33253, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Price v. Lewis et al.*, Case No. C14-4081-MWB. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee. Based on the inmate's account information, the court has assessed an initial partial filing fee of $2.00, which the inmate must pay now to the clerk of court. 28 U.S.C. § 1915(b)(1).

> After payment of the initial partial filing fee, the [inmate] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [inmate] shall forward payments from [his] account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, you must monitor the account and send payments to the clerk of court according to the system provided in 28 U.S.C. § 1915(b)(2), that is, you should begin making monthly payments of 20 percent of the preceding month's income credited to the inmate's account.

Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

/s/ djs, Deputy Clerk
Robert L. Phelps
U.S. District Court Clerk
Northern District of Iowa